IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ASOCIACION DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>UNION INTERNACIONAL DE TRABAJADORES DE LA INDUSTRIA DE AUTOMOVILES, LOCAL 1850,<br><br>Defendant. | Civil No. 05-1986 (FAB/CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Pending before this Magistrate Judge is a motion by defendant Union Internacional de Trabajadores de la Industria de Automoviles, Local 1850 ("Local 1850") for an award of attorney's fees upon having received an Amended Judgment in its favor for summary judgment disposition under Fed.R.Civ.P. 54 and local rules of this district court. (Docket No. 84).

Plaintiff Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA") filed its opposition on grounds the "American Rule" in the matter of attorney's fees would prescribe, as a general practice, that absent explicit statutory authority, a prevailing litigant is ordinarily not entitled to collect attorney's fees from the losing party. It is AEELA's contention the Local 1850 has failed to identify any independent statutory basis for the award of attorney's fees in this case. (Docket No. 85).

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 2

## PROCEDURAL BACKGROUND

On September 16, 2005, the instant case initiated in this district upon a removal from state court by Local 1850 seeking to vacate the arbitration award premised on federal jurisdiction on Section 301(a) of the Labor Management Relations Act, Title 29, United States Code, Section 185(a). (Docket No. 1). Attempt by plaintiff AEELA, a non-profit savings and loan membership association, to remand the case to state court was fruitless since the federal court denied remand on August 3, 2006. (Docket No. 16).

The parties filed reciprocal motions for summary judgment wherein AEELA challenged the arbitration award and the remedies ordered by the arbitrator. Local 1850 sought in turn to enforce the arbitration award. The award originated from the termination from employment of five employees in 1999 by AEELA for allegedly performing unauthorized transactions which had the effect of erasing outstanding disaster loans and was claimed to constitute fraudulent actions against AEELA. There being a collective bargaining agreement between the parties, the grievances filed by Local 1850 on behalf of the employees who were terminated indicated there were unjustified in the dismissal since the claimed unauthorized transactions were but a result of a programming error. After administrative procedural steps, the arbitrator found on July 22, 2005, these employment terminations were unjustified and ordered reinstatement of the employees, back pay and attorney's fees.

On August 22, 2005, AEELA sought review of the arbitration award before the state courts. Local 1850 filed removal before the federal court on the basis of original

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 3

jurisdiction. On summary judgment, the district court vacated the award as to granting reinstatement and back pay, indicating the only remedy available was severance pay, in addition to twenty-five percent for attorney's fees. (Docket No. 72). On appeal, the Court of Appeals for the First Circuit reversed the judgment of the district court and remanded the case to enter summary judgment in favor of Local 1850. Thus, the Amended Judgment was entered on April 20, 2009, granting summary judgment and allowing the counterclaim filed by defendant. (Docket No. 83).

## ANALYSIS

Local 1850 claims in its Motion for Attorney's Fees an award of attorney's fees in the amount of $23,334 for 194.45 hours at the rate of $120.00 an hour. It included as exhibits 1-3 documentation in support of such claim. (Docket No. 84).

There is no doubt Local 1850 is the "prevailing party" in this case. Still, having received a favorable judgment does not necessarily entitle said party to an award of attorney's fees.

As stated by AEELA in its objection, under the so-called American Rule, parties are ordinarily required to bear their own attorney's fees and the prevailing party is not entitled to collect from the loser. *See* Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). There are, however, exceptions to the American Rule against fee shifting.

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 4

Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the court. Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989); Emanuel v. American Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989).[1] It must be kept in mind that the court has considerable discretion in denying an award of attorney's fees to a prevailing defendant, even after a finding of frivolity. Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d 7, 15 (1st Cir. 1998) (holding that the district court retains significant discretion in reducing or denying an award of attorney's fees after considering all the nuances of the particular case notwithstanding a finding of frivolity); *see also* Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1193 (1st Cir. 1996).

Generally, to calculate a reasonable amount of attorney's fees, the court must determine the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). Under this lodestar approach, the trial judge is supposed to calculate the time spent by counsel, subtracting duplicative, unproductive and excessive hours, and then apply the prevailing rates in the community taking into account the experience, qualifications and competence of the attorneys involved. *Id.* In fashioning the award, the records submitted by the attorneys are usually the starting point, but the court's determination is by no means circumscribed to what the attorneys submit is the time spent or the rate they charge. Id.

---

[1] Cases dealing with award of attorney's fees to prevailing plaintiffs in Fair Debt Collection Practices Act. Title 15, United States Code Annotated, Section 1692k(a)(3).

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 5

It is the duty of the court "to winnow out excessive hours, time spent tilting at windmills, and the like." *Id.* at 296 (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997)).

The Court of Appeals for the First Circuit has allowed attorney's fees in litigation related to arbitration award on limited occasions. In Boston and Main Corp. v. Moore, 776 F.2d 2 (1st Cir. 1985), the court ruled attorneys who represented debtor railroad in arbitration of collective bargaining agreement between debtor and its employees and in subsequent proceedings to ensure the successful implementation of the arbitration award were entitled to their requested attorneys fees in reorganization case, as hours expended were carefully documented, the legal work involved was both factually intricate and varied in nature, debtor requested attorneys to use whatever manpower was necessary to prepare the case as thoroughly as humanly possible, attorneys did exceptional job, and favorable arbitration award was vital to reorganization.

In contrast, employer's federal claim to vacate arbitrator's award on its grievance against employer was sufficiently justified to avoid payment of attorney's fees upon district court's decision to enforce the award; employer had raised defense concerning the timeliness union's grievance and arbitrator's characterization of the employer's action as a continuous violation. *See* UMass Memorial Medical Center, Inc. V. United Food and Commercial Workers Union, 527 F.3d 1 (1st Cir. 2008) (the district court denied the plaintiff's motion for judgment on the pleadings and granted the defendant's motion for summary judgment. The district court also denied the defendant's motion for attorney's

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 6

fees). Such decision is not to be read as a prohibition to grant attorney's fees when otherwise so considered appropriate.

Local rules as to attorney's fees are not deemed applicable for actions under Section 301 of the Labor Management Relations Act, being an issue governed by federal law and policy. Some courts consider that federal labor policy favoring voluntary arbitration requires that, upon a refusal to abide by an arbitration decision without justification and making judicial enforcement necessary, courts should award the party seeking enforcement reasonable attorney's fees to further the federal labor policy in this field. John B. Spitzer, J.D., *Labor Arbitration: recoverability of attorney's fees in action to compel arbitration or to enforce or vacate award*, 80 ALR Fed. 302 (1986).

The Court of Appeals for the First Circuit has also pointed out that under Puerto Rico law attorney's fees may be awarded only if provided for by statute, or against a party which raises and obstinately pursues meritless claims or otherwise vexatiously engages in unnecessary litigation. Pérez Marrero v. Colegio de Cirujanos Dentistas, 92 J.T.S. 124 (1992); Elba A.B. v. Universidad de Puerto Rico, 90 J.T.S. 13 (1990). *See* Prudential-Bache Securities, Inc. v. Tanner, 72 F.3d 234 (1st Cir. 1995).

When a party refuses to comply with an enforceable arbitration decision without justification the court may award attorney's fees. Int. Ass'n of Heat & Frost Insulators & Asbestos Workers v. Thermo-Guard, 880 F.Supp. 42, 48 (D. Mass. 1995). It is within the discretion of the court to award attorney's fees when the losing party chose to litigate despite the fact that it was unable to present any rational arguments in support of its

Case 3:05-cv-01986-FAB   Document 94   Filed 10/06/09   Page 7 of 8

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 7

position. Thermo-Guard, 880 F.Supp. at 48 (*quoting* Brigham & Women's Hospital v. Massachusetts Nurses Association, 684 F.Supp. 1120, 1125 (D.Mass., 1988)). Finally, a federal court may award fees and costs to the winning party in a section 301 action if the losing party's position was frivolous, unreasonable, or without foundation. Local 2322, Intl' Broth. of Elec. Workers v. Verizon New England, Inc., 464 F.3d 93, 96 (1st Cir.2006) (finding that employer's argument that arbitrator's clarification of an award was in fact an alteration was at least colorable and not frivolous) (*quoting* Local 285, Serv. Employees Intl' Union AFL-CIO v. Nonotuck Resource Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995)).[2]

Herein, AEELA determined to contest in state court and upon removal in this federal court the arbitration award which ordered reinstatement of unjustified dismissed employees. Local 1850 does not claim, in its request for attorney's fees, that AEELA acted in bad faith or was obstinate in attempting to vacate the arbitrator's award. Based on a careful review of the record, this Magistrate Judge finds AEELA's suit was not frivolous nor was it unreasonable or unjustified. Absent a finding that AEELA was frivolous, unreasonable, temerarious, obstinate or vexatious, the motion for attorney's fees is not warranted. Each party will bear its own attorney's fees.

---

[2] Some courts have awarded attorney's fees by way of a sanction. For example, in Fort Hill Builders, Inc. v. National Grange Mutual Insurance Company, 682 F.Supp. 145 (D.R.I.1988), the court concluded sanctions should be awarded pursuant to Fed.R.Civ.P. 56(g) and assessed the amount for attorney's fees. On appeal in said case, it was further discussed that under either state or federal law plaintiff was entitled to interest from the date of the arbitrators' award. As to the rate at which interest should be computed, the district court reasoned that as plaintiff had invoked a federal forum, the federal rate should apply. Because the court did not regard post-award interest to be, strictly speaking, pre-judgment interest, but rather apparently saw it as closer to post-judgment interest, the court chose to apply the rate specified in Title 28, United States Court, Section 1961(a), a statute providing for post-judgment interest. Attorneys' fees were also requested under Fed.R.Civ. P. 56(g). *See* Fort Hill Builders, Inc. V. National Grange Mut. Ins. Co., 866 F.2d 11 (1st Cir. 1989). Thus, a prevailing party is entitled to fees for work "reasonably expended" to further the litigation. Hensley v. Eckerhart, 461 U.S 424, 434, 103 S.Ct. 1933 (1983).

Asociacion de Empleados del ELA v. Union Int. de Trabajadores
de la Industria de Automoviles, Local 1850
Civil No. 05-1986 (FAB/CVR)
Opinion and Order
Page No. 8

## CONCLUSION

In view of the foregoing, Local 1850's Motion for Attorney's Fees (Docket No. 84) is DENIED.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 6th day of October of 2009.

                                         s/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES MAGISTRATE JUDGE